**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-5102**

———————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

ROLANDO STOCKTON,

                                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Marvin J. Garbis, Senior District Judge.
(1:99-cr-00352-MJG)

———————————

Submitted:  June 29, 2007          Decided:  July 18, 2007

———————————

Before TRAXLER, KING, and SHEDD, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Thomas M. Donnelly, DONNELLY & MOWERY, LLC, Baltimore, Maryland,
for Appellant. Rod J. Rosenstein, United States Attorney, Andrea L.
Smith, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rolando Stockton was resentenced on March 12, 2004, and his amended criminal judgment was entered in the docket on April 1, 2004. Thus, the appeal period began on April 1, 2004. By order dated on September 14, 2006, the district court ordered the Clerk to file a notice of appeal for Stockton "nunc pro tunc to March 12, 2004." (J.A. 111). On October 24, 2006, a notice of appeal was filed regarding the resentencing.

A criminal defendant has ten days to file a notice of appeal contesting a criminal judgment. Fed. R. App. P. 4(b)(1)(A). A district court may grant an extension of time up to thirty days after the expiration of the appeal period, if there is a finding of good cause or excusable neglect. Fed. R. App. P. 4(b)(4). The district court only has authority, however, to extend the time to file a notice of appeal for a period not to exceed thirty days from the expiration of the time otherwise prescribed by Rule 4(b). Id. The time periods presented in Rule 4(b) are mandatory and jurisdictional. Browder v. Dir., Dep't of Corrs., 434 U.S. 257, 267 (1978); United States v. Raynor, 939 F.2d 191, 197 (4th Cir. 1991). A court may not enlarge the appeal period. United States v. Robinson, 361 U.S. 220, 224 (1960). As Stockton's notice of appeal was filed over two years beyond the excusable neglect period provided in Rule 4(b)(4), the appeal is untimely and therefore must be dismissed.

- 2 -

On appeal, counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), conceding that Stockton's appeal is untimely and, consequently, stating that there are no meritorious claims on appeal, but raising the following issue: whether the district court erred by sentencing Stockton to the then-mandatory Sentencing Guidelines.

Because Stockton's appeal is untimely, however, we lack jurisdiction to further consider his appeal, including the issue raised by counsel and the issues raised in Stockton's pro se supplemental brief. <u>Raynor</u>, 939 F.2d at 197. Accordingly, we dismiss the appeal for lack of jurisdiction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>